————o————

## No. 4675.

### Court of Appeal, Parish of Orleans.

## SUCCESSION OF ANNA KUNTZ, WIFE OF

## H. L. NEWALD.

The claim of one of the spouses, or of his or her heirs, for the reward of one-half of the value of the increase or ameliorations during the marriage of the separate property of one of the spouses, constitutes only an ordinary debt and is, therefore, subordinated to the claim of a separate creditor with a judicial mortgage on the property of his debtor who is the separate owner of the soil on which the improvements have been placed.

Appeal from the Civil District Court, Division "E."

F. Deibel, Jr., Richard & Vidrine, for Appellee.

Howe, Fenner, Spencer & Cocke, for Appellant.

ESTOPINAL, J.   The question presented for decree in this cause is whether when the separate property of the husband had been increased or improved during the marriage, the heirs of the deceasd spouse who are entitled to the reward of one-half of the value of the increase or ameliorations which has been the result of common labor, expense and industry, have to secure said reward, any lien, privilege, mortgage or other right which entitles them to be paid out of the proceeds of the sale of the separate property in preferenc to a separate creditor of the husband with a judicial mortgage resting on the property.

The facts of the case which lead up to and present this question are correctly stated in the brief of appellant, and we adopt them as the statement of the case.   They are as follows:

### "STATEMENT OF FACTS.

"Herman L. Newald entered into a contract with the First

—341—

Methodist Church of New Orleans, on November 21, 1905, for the construction of certain work.

"On November 19, 1905, he furnished a bond in favor of the First Methodist Church for the faithful performance of his contract, and the American Surety Company became surety on the bond. He defaulted in the performance of his contract, and the American Surety Company was compelled to pay, and paid, the First Methodist Church the sum of $4,149.78.

"On August 20, 1906, the American Surety Company brought suit against Newald to recover the sum of $4,149.78, with interest and costs, and said cause was docketed numbered 81,266 of the Civil District Court. Subsequently, to-wit, on March 20, 1907, the American Surety Company filed a supplemental and amended petition, praying for a writ of attachment against the property of Newald. The writ of attachment issued and the property hereinafter described was seized.

"On October 17, 1907, a judgment was rendered in favor of the American Surety Company and against Newald in the sum of $4,149.78, with interest and costs, maintaining the writ of attachment issued in said cause, and recognizing the lien and privilege of the American Surety Company upon the property seized thereunder.

"On November 4, 1907, the American Surety Company caused a *fieri facias* to issue under its judgment and seized as property of the defendant the following described property, to-wit: * * *

"On December 19, 1907, a one undivided half-interest in said property was sold by the Civil Sheriff of this parish, under the foreclosure by the American Surety Company, for $1,300. (See American Surety Company vs. Newald, No. 81266, Civil District Court.)

"During the month of May, 1907, the Succession of Anna Kuntz, deceased wife of Newald, was opened, and Newald qualified as the tutor of his minor children. In the inventory filed in this succession this aforedescribed property was inventoried as being community property. Upon this being brought to the attention of counsel for the American Surety Company they notified the sheriff to advertise and sell only the undivided half, being Newald's interest. Subsequent to this sale counsel discovered that the statement in the inventory of the succession of Kuntz, to the effect that this property was community property, was erroneous and illegal, and accordingly filed a petition in the

—342—

succession of Kuntz, praying that the court decree the judgment homologating said inventory to be null, void and of no effect, in so far as it purported to recognize the said minor children of Newald as having any right, title or interest in this property.

"At the same time counsel for the American Surety Company issued an *alias fieri facias* under its judgment and advertised for sale the remaining undivided half of the property.

"The defendant Newald filed an answer, attacking the validity of the judgment rendered in the suit No. 81,262, Civil District Court, and asking that said judgment and sale made under the *fieri facias* be declared a nullity, or in the alternative, that the property be declared the individual property of Newald, subject to the rights of the community for moneys expended by said community in improving said property, amounting to Twenty-five Hundred Dollars ($2,500).

"On the trial of the case counsel for defendant (Newald) stated that they wished to abandon the attack on the judgment and sale had in cause No. 81,262. It was then admitted that the amount expended by the community in improvements on this property was $818, and that the heirs of Anna Kuntz, owners of her share of the community, were claiming only $409 as the amount due them.

"The lower Court found that this property was purchased by Newald on January 18, 1894, and that he was married on June 4, 1894, and, therefore, it was his separate property, and that the undivided half of said property, together with the improvements, which remained unsold, was liable for the debt due by Newald to the American Surety Company and subject to its judicial mortgage.

"The Court further ordered and decreed that there be judgment in reconvention in favor of Herman Newald, tutor of his minor children, and against the American Surety Company, decreeing that said minors were entitled to be paid out of the proceeds of the property when sold the sum of Four Hundred and Nine Dollars ($409) by preference over plaintiff's judicial mortgage; in other respects, that the reconventional demand be dismissed, and that the writ of injunction herein issued by dissolved and set aside."

From so much of the judgment which decrees that the heirs of the deceased spouse be paid the sum of $409.00 out of the

proceeds of the sale of this property in preference to the American Surety Company, the latter appeals.

The rights of the heirs in this cause are based under Art. 2408 C. C., which reads:

"When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one-half of the value of the increase or ameliorations, if it be proved that the increase or ameliorations be the result of the common labor, expense or industry; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the raise in the value of property, or to the chances of trade."

Neither in this Article of the Code, nor elsewhere in the law, is to be found any provision which impresses upon a claim of this nature a dignity beyond that which is ranked as "ordinary."

It is not a privilege, for the nature of the debt is not of those for which the privilege is expressly granted in the Code. Neither is it a mortgage—not conventional, for no such has been consented and agreed to—nor yet is it a legal mortgage, for it is not of those rights and credits enumerated in Arts. 3313 et seq., C. C., and on which alone a legal mortgage is founded, nor is it a judicial mortgage, for no judgment thereon has been rendered and decreed. Nor has it a preference secured as the result of the tenure or character of the interest of the spouse in the property, as in the case of the community property in preference to the right of separate creditors. And still less is there any ownership in the improvements placed on the separate property of the one spouse by the joint industry of both, in the spouse who is not the separate owner of the soil, for as much as it has been repeatedly decreed that the improvements follow the soil on which they are built, and that the owner of the latter is the owner of the improvements thereon.

Waggaman vs. Zacharie et al., administrators; Kelly vs. Robinson, 10 An. 308; Whitman vs. LeBlanc, 28 A. 430; Dillon vs. Dillon, 35 A. 94.

The property seized in the instant case was admitted separate property of the husband. The law has impressed upon the improvements put thereon by the joint industry of the spouses, the character of separate property falling into the ownership of the

owner of the soil. The debt for which the property was seized is a separate and privileged debt—or rather a debt secured by a judicial mortgage; the claim of the heirs of the deceased spouse is an ordinary claim against their father, or at least one inferior in rank to the judgment creditor, and as a consequence the latter is preferred and is to be paid by privilege and preference the full amount of his judgment out of the proceeds of the sale.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by striking out therefrom so much thereof as decrees that Herman L. Newald, tutor of his minor children, is as such entitled to be paid out of the proceeds of the property and improvements when sold the sum of Four Hundred and Nine Dollars ($409.00) by preference over plaintiff's judicial mortgage, and that in lieu and stead thereof it is ordered, adjudged and decreed that the American Surety Company be paid the full amount of its judgment in principal, interests and costs, out of the proceeds of the sale of said property and the improvements thereon, by privilege and preference and before any part or portion of the said proceeds of sale are paid to the said tutor, Herman L. Newald, his claim for his minor children being declared inferior and subordinated to the judicial mortgage of the said American Surty Company. As thus amended, the judgment is affirmed. The costs of appeal to be paid by the appellee.